# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:09-cv-01445-AWI-SMS |
|---|---|
| Plaintiff, | |
| v. | **FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S *EX PARTE* APPLICATION FOR DEFAULT JUDGMENT** |
| APPROXIMATELY $24,260.00 IN U.S. CURRENCY, and | |
| APPROXIMATELY $42,482.70 IN U.S. CURRENCY, | |
| Defendants. | (Doc. 22) |

In this civil forfeiture action, Plaintiff United States of America ("Government") seeks (1) default judgment against the interests of Ali Ajanar, Hilda Zuniga-Salazar, Ivan Cardenas-Bribesca, and Eli Carbajal-Martinez in approximately $24,260.00 and approximately $42,482.70 in United States currency (the "defendant currency") and (2) entry of a final forfeiture judgment to vest in the Government all right, title and interest in the defendant currency. The Government's motion has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rule 72-302(c)(19) and is considered in accordance with Local Rule A-540(d).

This Court has reviewed the papers and has determined that this matter is suitable for decision without oral argument pursuant to Local Rule 78-230(h). Having considered all written materials submitted, the undersigned recommends that the District Court grant the Government default judgment, enter final forfeiture judgment to vest in the Government all right, title and interest in the defendant currency, and order the Government, within ten (10) days of service of

an order adopting these findings and recommendations, to submit a proposed default and final forfeiture judgment consistent with these findings and recommendations.

## I.  Factual Background[1]

On March 14, 2009, a confidential source ("CS") working on behalf of the Drug Enforcement Administration ("DEA") arranged to meet Ali Alnajar, Eli Cabajal-Martinez and Ivan Cardenas-Bribesca,[2] all of whom were involved in marijuana and cocaine sales.

On March 16, 2009, CS arranged to meet Alnajar, Martinez, and Bribesca at the Camino Real Restaurant, 3500 Truxton Avenue, Bakersfield, California.  Anticipating a narcotic transaction, the DEA equipped CS with a digital voice recorder, a video recorder, and a transmitter.  At approximately 12:15 p.m., DEA agents saw Cardenas arrive, followed by Martinez, and at approximately 1:00 p.m., Alnajar.  CS negotiated to sell 500 pounds of marijuana to Alnajar and three kilograms of cocaine to Martinez.  CS demanded to see the money before delivering the drugs to them.

Shortly thereafter, Hilda Zuniga-Salazar arrived in a black SUV and parked next to CS, Alnajar, Martinez, and Bribesca.  When CS and Martinez walked up to the open passenger window, Salazar produced a red purse containing several stacks of U.S. currency, which Martinez identified as the money to pay for the cocaine.  Salazar drove off with the currency, and Alnajar left to get the money for the marijuana.  CS also left.

Later, the agents saw Alnajar returned to the restaurant, driving a 2002 black Chevrolet pick-up truck.  Cardenas called CS and advised that all the money was ready.  CS returned to the restaurant, where Alnajar, Cardenas, and Martinez waited.  Alnajar advised CS that he had only enough money for "three" (300 pounds) of marijuana, showing him $42,482.70 in U.S. currency on the front seat of the truck.  When CS provided a pre-arranged signal, agents arrested Alnajar, Martinez, and Bribesca.  Upon questioning, Martinez disclosed that he did not have the money for the cocaine.

---

[1]  These facts were derived from the Government's application and from the Court's records.

[2]  The record also refers to Ivan Cardenas-Bribesca as Ivan Brebiesca-Cardenas.

At about 3:30 p.m., Salazar returned to the restaurant, where she was arrested.  In a subsequent search of her vehicle, agents found a .45 caliber pistol in the rear pocket of the front passenger seat and the red purse, containing $24,260.00 in U.S. currency, under the floorboard.

**II.     Procedural Background**

On August 17, 2009, the Government filed its complaint for forfeiture in rem, alleging that $24,260.00 of the defendant currency was subject to forfeiture to the Government under 21 U.S.C. § 881(a)(6) because it constituted moneys furnished or intended to be furnished in exchange for a controlled substance or listed chemical, all proceeds traceable to such an exchange, and was used or intended to be used to facilitate one or more violations of 21 U.S.C. § 841, *et seq.* (Doc. 1).  On August 19, 2009, the Government amended the complaint to include both components of the defendant currency: the sum of $24,260.00 and the sum of $42,482.70 (Doc. 3).  On August 20, 2009, based on the allegations set forth in the amended complaint (Doc. 3), the Clerk of the Court issued a Warrant for Arrest of Articles In Rem for the Defendant Currency (Doc. 5).

On August 31, 2009, Alnajar and Salazar were personally served with notice of this action by the U.S. Marshals Service (Docs. 9, 10).  Bribesca was personally served on September 2, 2009 (Doc. 11).  Martinez has not been personally served (Doc. 12).[3]

On September 9, 2009, this Court authorized publication of the forfeiture action via the internet forfeiture website www.forfeiture.gov for at least thirty days (Doc. 6).  According to the Government's Declaration of Publication (Doc. 20), a Notice of Civil Forfeiture was published on the official government internet site (www.forfeiture.gov) for thirty days beginning on October 20, 2009.  To date, no claim or answer has been filed on behalf of Salazar, Alnajar, Martinez, or Bribesca.

As part of the Government's Request for Entry of Default (Doc. 15), FSA Paralegal Autumn Magee declared under penalty of perjury that on information and belief, neither Salazar, Alnajar, Martinez, nor Bribesca was in the military service or was an infant or incapacitated

---

[3] Martinez has reportedly been deported to Mexico (Doc. 12).

3

person. Neither potential claimants Salazar, Alnajar, Martinez, and Bribesca nor any other potential claimant filed an answer or otherwise defended the action. The Clerk entered default as to Salazar, Alnajar, Martinez, and Bribesca on November 23, 2009 (Docs. 16, 17, 18, and 19). The Government moved for Default Judgment on March 3, 2010 (Doc. 22).

## DISCUSSION

### I. Sufficiency of the Complaint

The Government contends that the allegations set forth in the verified complaint for Forfeiture In Rem and the cited facts provide ample grounds for forfeiture of the defendant currency. A complaint's sufficiency is one factor for consideration in deciding whether to grant default judgment. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Money or other things of value are subject to forfeiture if they (1) are furnished or intended to be furnished by any person in exchange for a controlled substance, (2) constitute proceeds traceable to such an exchange, or (3) are used or intended to be used to facilitate any violation of the laws governing controlled substances. 21 U.S.C. § 881(a)(6).

The Government's verified complaint alleges that the defendant currency is subject to forfeiture since it constitutes a thing of value furnished or intended to be furnished in exchange for a controlled substance, in which all proceeds were traceable to such an exchange, and/or were used or intended to be used to facilitate the violation of one or more laws governing controlled substances (Doc. 3 at ¶ 1). As set forth above and in the verified complaint, the DEA seized the defendant currency on March 16, 2009, at 3500 Truxton Avenue, Bakersfield, California, incident to a transaction for the purchase of marijuana and cocaine.

The complaint meets the requirements of Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, in that it is verified; states the grounds for subject matter jurisdiction, in rem jurisdiction, and venue; describes the property seized and the circumstance of its seizure; and identifies the relevant statutes. In the absence of assertion of interests in the defendant currency, this Court is not in a position to question the facts supporting its forfeiture. As alleged, the facts set forth a

///

sufficient connection between the defendant currency and illegal drug activity to support a forfeiture.

The government need not show a relationship between the proceeds of a drug crime and a specific drug transaction: Circumstantial evidence may support the forfeiture of the proceeds of a drug crime. *See United States v. $30,670.00*, 403 F.3d 448, 467-70 (7th Cir. 2005) (concluding that totality of circumstances demonstrated that airline passenger's cash hoard was connected to drug trafficking and subject to forfeiture); *United States v. $242,484.00*, 389 F.3d 1149, 1160 (11th Cir. 2004) (applying totality of circumstances to determine that cash carried by airline passenger was the proceeds of, or traceable to, an illegal drug transaction).

## II.     Notice Requirements

The Fifth Amendment's Due Process Clause prohibits the Government from taking property without due process of law. Individuals whose property interests are at stake are entitled to notice and an opportunity to be heard. The requisite notice was provided to Salazar, Alnajar, Martinez, and Bribesca.

### A.     Notice by Publication

Supplemental Rule G(4) provides that in lieu of newspaper publication, the Government may publish notice "by posting notice on an official government forfeiture site for at least 30 consecutive days." Local Admiralty and In Rem rules further provide that the Court shall designate by order the appropriate vehicle for publication. Local Rules A-530 and 83-171. On September 9, 2009, this Court authorized publication of the forfeiture action via the internet forfeiture website www.forfeiture.gov for at least thirty days (Doc. 6). According to the Government's Declaration of Publication (Doc. 20), a Notice of Civil Forfeiture was published on the official government internet site (www.forfeiture.gov) for thirty days beginning on October 20, 2009. Accordingly, the Government satisfied the requirements for notice to Salazar, Alnajar, Martinez, and Bribesca by publication.

### B.     Personal Notice

When the Government knows the identity of the property owner, due process requires "the Government to make a greater effort to give him notice than otherwise would be mandated

by publication." *United States v. Real Property*, 135 F.3d 1312, 1315 (9th Cir. 1998). In such cases, the Government must attempt to provide actual notice by means reasonably calculated under all circumstances to apprise the owner of the pendency of the forfeiture action. *Dusenbery v. United States*, 534 U.S. 161, 168 (2002) (quotations omitted). *See also Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950) (requiring such notice "as one desirous of actually informing the absentee might reasonably adopt to accomplish it"). "Reasonable notice, however, requires only that the government attempt to provide actual notice; it does not require that the government demonstrate that it was successful in providing actual notice." *Mesa Valderrama v. United States*, 417 F.3d 1189, 1197 (11th Cir. 2005).

Supplemental Rule G(4)(b) mirrors this requirement, providing for notice to be sent by means reasonably calculated to reach the potential claimant. Local Rule A-540 also requires that a party seeking default judgment in an action in rem demonstrate to the Court's satisfaction that due notice of the arrest of the property has been given both by publication and by personal service of the person having custody of the property, or if the property is in the hands of a law enforcement officer, by personal service on the person who had custody of the property before its possession by a law enforcement agency or officer. Notice must also be provided by personal service or certified mail, return receipt requested, on every other person who has appeared in the action and is known to have an interest in the property, provided that failure to give actual notice to such other person may be excused upon a satisfactory showing of diligent efforts to provide notice without success. L.R. A-540(a). Notwithstanding the Supplemental Rules and L.R. A-540(a), the Government provides sufficient notice when the notice complies with the requirements of F.R.Civ.P. 4. *See* F.R.Civ.P. 4(n)(1) (providing that when a federal statute authorizes forfeiture, "[n]otice to claimants of the property shall then be sent in the manner provided by statute or by service of a summons under this rule").

Here, the Government personally served Alnajar and Salazar with the complaint, arrest warrant, publication order, and other related documents on August 31, 2009 (Docs. 9 & 10). It served Cardenas on September 2, 2009 (Doc. 11). The Government was unable to personally

///

serve Martinez, who reportedly had been deported to Mexico (Doc. 12). Accordingly, Salazar, Alnajar, Martinez, and Bribesca were served.

### C. Failure to File Claim or Answer

Supplemental Rule G(5) requires any person who asserts an interest in or right against the defendant currency to file a claim with the Court within 35 days after service of the Government's complaint or 30 days after the final publication of notice. Supplemental R. G(4)(b) & (5). Failure to comply with the procedural requirements for opposing the forfeiture precludes a person from establishing standing as a party to the forfeiture action. *Real Property*, 135 F.3d at 1317. The Clerk of Court properly entered defaults against Salazar, Alnajar, Martinez, and Bribesca on November 23, 2009 (Doc. 16, 17, 18, and 19).

### D. Default Judgment

The Government seeks judgment against the interests of Salazar, Alnajar, Martinez, and Bribesca, and final forfeiture judgment to vest in the Government all right, title and interest in the defendant currency. The Supplemental Rules do not set forth a procedure to seek default judgment in rem. Supplemental Rule A provides, "The Federal Rules of Civil Procedure also apply to the foregoing proceedings except to the extent that they are inconsistent with these Supplemental Rules."

Pursuant to the Federal Rules of Civil Procedure, default entry is a prerequisite to default judgment. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and the failure is shown by affidavit or otherwise, the clerk must enter the party's default." F.R.Civ.P. 55(a). Generally, the default entered by the clerk establishes a defendant's liability.

> Rule 55 give the court considerable leeway as to what it may require as a prerequisite to the entry of a default judgment. The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.

*Televideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (internal citations and quotation marks omitted).

As noted above, the Government properly obtained default entries against the interests of Salazar, Alnajar, Martinez, and Bribesca. There is no impediment to default judgment sought by

7

the Government against them.  The Government properly seeks judgment against the interests of the entire world, that is, a final forfeiture judgment to vest in the Government all right, title, and interest in the defendant currency.  "A judgment in rem affect the interests of all persons in designated property . . . . [T]he plaintiff is seeking to secure a pre-existing claim in the subject property and to extinguish or establish the nonexistence of similar interests of particular persons."  *Hanson v. Denckla*, 357 U.S. 235, 246 n. 12 (1958).  Because of Salazar, Alnajar, Martinez, and Bribesca's defaults, the Government is entitled to a final forfeiture judgment.

## RECOMMENDATIONS

In light of the reasons discussed above, this Court recommends that

1. The District Court grant plaintiff United States of America default judgment against the interests of Ali Ajanar, Hilda Zuniga-Salazar, Ivan Cardenas-Bribesca, and Eli Carbajal-Martinez ;

2. The Clerk of Court enter final forfeiture judgment to vest in Plaintiff United States of America all right, title and interest in the defendant currency; and

3. The District Court order Plaintiff United States of America, within ten (10) days of service of an order adopting these findings and recommendations, to submit a proposed default and final forfeiture judgment consistent with the findings and recommendations and the order adopting them.

These findings and recommendations are submitted to District Judge Anthony W. Ishii pursuant to 28 U.S.C. § 636 (b)(1)(B) and Local Rule 72-304.  Within fifteen (15) court days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review these findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).

///

///

The parties are advised that failure to file objections within the specific time may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   May 4, 2010**                              /s/ Sandra M. Snyder
                                               UNITED STATES MAGISTRATE JUDGE